IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID DURAN CORNETT, TDCJ No. 1918455, | § § § § | |
| Petitioner, | § § | No. 3:21-cv-2860-L-BN |
| V. | § § | (Consolidated with: |
| DIRECTOR, TDCJ-CID, | § § | No. 3:21-cv-2861-L-BN; No. 3:21-cv-2862-L-BN; |
| Respondent. | § § § § § § § § § § § | No. 3:21-cv-2864-L-BT; No. 3:21-cv-2865-L-BN; No. 3:21-cv-2866-L-BN; No. 3:21-cv-2867-L-BN; No. 3:21-cv-2868-L-BN; No. 3:21-cv-2870-L-BN; No. 3:21-cv-2871-L-BN; No. 3:21-cv-2872-L-BT; No. 3:21-cv-2873-L-BN; and No. 3:21-cv-2874-L-BN) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In 2014, Petitioner David Duran Cornett was convicted and sentenced in thirteen separate sex crime prosecutions in Ellis County, Texas. *See State v. Cornett*, Nos. 37235CR-37247CR (40th Dist. Ct., Ellis Cnty., Tex. Feb. 25, 2014). He appealed none of these judgments. But, earlier this year, after Cornett discovered a 2020 decision of the Texas Court of Criminal Appeals (the CCA), he filed a state habeas petition in each case. He now has filed thirteen separate *pro se* "protective" applications for a writ of habeas corpus under 28 U.S.C. § 2254, *see, e.g.*, Dkt. No. 3, moving the Court to stay and abate each habeas proceeding because he "opted to file his state habeas petition before October 21, 2021, which is one year from the date"

the CCA issued the decision he discovered in 2020, *e.g.*, Dkt. No. 4 at 1.

United States District Judge Sam A. Lindsay consolidated Cornett's Section 2254 applications under this action under Federal Rule of Civil Procedure 42(a) and Northern District of Texas Local Civil Rule 42.1. *See* Dkt. No. 5. Judge Lindsay referred the consolidated case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Cornett's requests to stay and abate and dismiss the habeas applications with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

## Legal Standards

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

And the Court may exercise this power to summarily dismiss Cornett's applications with prejudice as time barred under Habeas Rule 4.

"[E]ven though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329. But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original).

Under the circumstances here, these findings, conclusions, and recommendation provide Cornett fair notice, and the opportunity to file objections to them affords him a chance to present to the Court his position as to limitations concerns explained below. *See, e.g.*, *Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th

Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

---

[1] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

## Analysis

The timeliness of most Section 2254 applications is determined under Subsection A, based on the date on which the judgment became final. A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Cornett did not appeal the convictions and sentences he now collaterally attacks under Section 2254, the applicable state criminal judgments became final for federal-limitations purposes on the thirtieth day after they were entered (on February 25, 2014) that was not a Saturday, Sunday, or legal holiday –

---

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

which was on March 27, 2014. *See* TEX. R. APP. P. 26.2(a)(1). And, "[b]ecause [Cornett's] state habeas petition[s were] not filed within the one-year period" that commenced on that date, they do "not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing, in turn, 28 U.S.C. § 2244(d)(2))).

Accordingly, under Section 2244(d)(1)(A), the Section 2254 applications have been filed more than six years and seven months too late. The applications are therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

Cornett appears to believe that Section 2244(d)(1)(D) applies to make his applications timely. Subsection D, the factual predicate provision of the statute of limitations, runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). And "[t]he term 'factual predicate' in § 2244(d)(1)(D) refers to factual evidence and events, not legal conclusions." *Christian v. Bracy*, No. 2:18-CV-652, 2019 WL 2314631, at *3 (S.D. Ohio May 31, 2019); *see also Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012))).

Accordingly, the CCA decision cited by Cornett, *Ramos v. State*, ___ S.W.3d

\_\_\_\_, No. PD-0788-20, 2021 WL 4889096 (Tex. Crim. App. Oct. 20, 2021) – a court ruling that itself is not evidence nor even a ruling that decides facts specific to Cornett's claims – cannot be a basis to statutorily toll the limitations period under Subsection D. *See Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000) (per curiam) ("Section 2244(d)(1)(D) provides for equitable tolling when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner. These facts do not include asserted errors in a state court's disposition of a state habeas application. Behind the petitioners' language is an extraordinary proposition: the factual predicate for their claims consists neither of evidence nor events at trial but in the state court's rulings on their constitutional claims." (citation omitted)); *Cortez v. Dretke*, Nos. 3:02-cv-761-M, 3:02-cv-773-M, 2003 WL 22862684, at \*2 (N.D. Tex. Dec. 3, 2003) ("Under § 2244(d)(1)(D), the one year limitation period runs from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.' The Fifth Circuit Court of Appeals has interpreted this provision's reference to 'factual predicates' to mean evidentiary facts or events and not court rulings or legal consequences of the facts. Other circuit courts are in agreement with this interpretation." (citations omitted)).

Cornett otherwise fails to explain how any other provision of Section 2244(d)(1) could apply here, fails to advance a claim of tolling under the narrow actual innocence gateway, and fails to provide allegations that could establish either prong of equitable tolling – that he pursued his rights diligently and that an extraordinary circumstance

beyond his control prevented his timely filing of the federal petition.

Further, Cornett's filings reflect that he has not exhausted his claims in state court but nevertheless chose to file "protective" habeas petitions in federal court. While "[t]he United States Supreme Court has suggested that a petitioner is entitled to file a 'protective' petition in federal court and request stay and abeyance notwithstanding his failure to fully exhaust state remedies," *McCoy v. Louisiana*, No. 6:19-CV-00061, 2019 WL 1601722, at *1 (W.D. La. Apr. 15, 2019) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)), "such a motion is only appropriate in limited circumstances," *id.* (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)). And Cornett has not demonstrated that the Court should exercise its power to stay and abate this consolidated federal habeas proceeding.

First, "[i]t is unclear whether a stay under *Rhines* may be granted in 'non-mixed' petitions" – that is, petitions, like Cornett's, "in which all claims within the habeas petition are wholly exhausted or unexhausted." *Lopez v. Stephens*, Civ. A. No. B-15-144, 2016 WL 4126014, at *3 (S.D. Tex. Apr. 25, 2016) (citing *Green v. Thaler*, 699 F.3d 404, 420 (5th Cir. 2012); citation omitted); *see also Grace v. Vannoy*, 826 F.3d 813, 815 (5th Cir. 2016) ("During the federal habeas proceedings, the district court discovered that Grace potentially had additional habeas claims against the State of Louisiana. Because dismissing Grace's petition to allow him to exhaust those new claims in state court would cause his <u>already-exhausted claims</u> to become time-barred, the district court entered a stay pursuant to *Rhines* … , in which the Supreme Court addressed this very dilemma." (emphasis added)).

Regardless, the Court need not "stay proceedings on a matter that is clearly time-barred." *Felon v. Thaler*, Civ. A. No. H-11-1385, 2011 WL 6326099, at *13 (S.D. Tex. Dec. 16, 2011) (citing *Lave v. Dretke*, 444 F.3d 333, 336 ("Because *Crawford* does not apply to this case, the district court did not abuse its discretion by refusing to stay the proceedings while Lave presented his *Crawford* claim to a state habeas court." (citing, in turn, *Rhines*))); *see also Long v. Paramo*, No. EDCV 17-00111-PSG (JDE), 2018 WL 4772285, at *2 (C.D. Cal. Oct. 2, 2018) ("Finally, Petitioner requests a stay of the proceedings, or alternatively, a waiver of the exhaustion requirement. Because the statute of limitations has already expired, any additional claims would be untimely. As such, Petitioner's request is denied." (collecting cases; citations omitted)).

The Court should therefore refuse to stay and abate this consolidated case and dismiss the Section 2254 petitions with prejudice as time barred.

**Recommendation and Directions to Clerk**

The Court should deny Petitioner David Duran Cornett's request to stay and abate the consolidated federal habeas proceeding and, under Rule 4 of the Rules Governing Section 2254 Cases, should dismiss Cornett's 28 U.S.C. § 2254 habeas applications with prejudice. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of

Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 2, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE