# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID DURAN CORNETT,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-02860-L-BN** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

This case was referred to United States Magistrate Judge David Horan, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on December 2, 2021, recommending that the court deny Petitioner's Motion for Stay and Abey Federal Habeas Proceedings ("Motion") (Doc. 4), filed on November 16, 2021, and dismiss with prejudice his habeas applications,[1] brought pursuant to 28 U.S.C. § 2254. Petitioner filed objections to the Report, which the court received on December 17, 2021. After reviewing the pleadings, file, objections, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections; **denies** Petitioner's Motion (Doc. 2); **dismisses with prejudice** this action; and **directs** the clerk of the court to **serve** this order on the Texas Attorney General.

---

[1] Petitioner originally filed thirteen habeas applications as separate civil actions. On November 30, 2021, the court closed and consolidated twelve of those civil actions under this Civil Action No. 3:21-CV-2860-L. Order of Consolidation (Doc. 5).

**Order – Page 1**

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court **accepts** and **incorporates by reference** the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 7th day of January, 2022.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.